Filed 3/17/15  P. v. Valdovino CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JACINTO VALDOVINO,<br><br>    Defendant and Appellant. | C076774<br><br>(Super. Ct. No. 10F4456) |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

A jury convicted defendant Jacinto Valdovino of attempted murder, kidnapping, assault with a firearm, and participation in a street gang; the jury also found true gang enhancements and personal use of a firearm enhancements.  The trial court found defendant had a prior strike and had served a prior prison term and sentenced him to 67 years to life in prison.  (*People v. Valdovino* (Nov. 13, 2013, C072078) [nonpub. opn.] [at p. 2] (*Valdovino*).)

1

On appeal, this court affirmed the judgment of conviction but reversed the true finding on the prior strike allegation and vacated defendant's sentence. We remanded for a retrial on the strike allegation if the People so elected or for a new sentencing hearing if the People did not go forward timely on the strike allegation. We also held, under compulsion of *People v. Lopez* (2005) 34 Cal.4th 1002, that the trial court must delete the 10-year gang enhancement it had imposed for attempted murder because it had already imposed a 15-year minimum parole eligibility gang enhancement as to the same count, and must instead impose the same 10-year enhancement (which it had previously stayed) on the kidnapping count. (*Valdovino*, *supra*, [at p. 9].)

The evidence at trial showed that defendant, a Norteño gang member, approached A., a Sureño gang member, at a Sureño-controlled park in Redding and started talking to him. Defendant then told A. to tell his girlfriend to leave before both of them got shot and showed A. a gun defendant had in his waistband. A.'s girlfriend left. At defendant's direction, A. followed defendant to a car that had just pulled up; the two got in, and defendant told the driver to go. After the driver stopped at a turnout, defendant got out of the car and ordered A. to get out, then repeatedly shot at A., hitting him in the leg. Defendant got back into the car, which sped off. (*Valdovino*, *supra*, [at p. 1].)

On remand, the People declined to retry the strike allegation. The trial court vacated its prior true finding on that allegation and made a new finding that the allegation was untrue, then set a resentencing hearing.

At the resentencing hearing, the trial court imposed an indeterminate state prison sentence of 15 years to life for attempted murder, plus a 59-year consecutive determinate term consisting of 20 years for personally discharging a firearm as to the attempted murder count; eight consecutive years (the upper term) for kidnapping, plus 20 years for personally discharging a firearm, 10 years for the gang enhancement, and one year for a prior felony. Other terms and enhancements were stayed. The court awarded defendant 830 days of presentence custody credit (722 actual days and 108 conduct days). The

court imposed a $10,000 restitution fine (Pen. Code, § 1202.4, subd. (b)) and a suspended parole revocation restitution fine in the same amount (Pen. Code, § 1202.45).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

<u>        RAYE        </u>, P. J.

We concur:

<u>        BLEASE        </u>, J.

<u>        MURRAY        </u>, J.